IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>       Plaintiff,<br><br>v.<br><br>JULIA PORTER, HAMILTON FOX, III, MYLES LYNK, MATTHEW KAISER,<br>       Defendants. | Civil Action No. 22-_____<br><br>*Removed from:*<br><br>THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA<br><br>CASE NO. 2022- CA-006589 |

## NOTICE OF REMOVAL OF STATE ACTION

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Julia Porter, Hamilton Fox, III, Myles Lynk, and Matthew Kaiser ("Defendants") hereby remove this civil action, pending as 2022-CA-006589 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida.

### BACKGROUND

1. This is the ninth lawsuit Plaintiff Larry Klayman ("Plaintiff") has filed against the substantially same set of defendants on nearly identical claims, seeking to collaterally attack ongoing disciplinary proceedings by the Office of Disciplinary Counsel of the District of Columbia Bar involving Plaintiff's practice of law in the District of Columbia. Compl. ¶¶ 36–64.

2.     For over four years[1], Defendants – all lawyers employed in service to the courts of the District of Columbia and the D.C. Bar – have been forced to expend significant time and resources in response to Plaintiff's serial meritless lawsuits against them.

3.     On December 6, 2021, Plaintiff filed an action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, against officials of the Office of Disciplinary Counsel ("ODC") (Ms. Porter and Mr. Fox) and the District of Columbia Board on Professional Responsibility (Mr. Kaiser)[2]. *See Klayman v. Porter*, Case No. 50-2021-CA013239XXXXMB (Fla. 15th Jud. Cir., Dec. 6, 2021) (attached hereto as Ex. 1).

4.     On January 3, 2022, Defendants removed the case to the Southern District of Florida, based on federal question jurisdiction (Plaintiff alleged that Defendants violated 42 U.S.C. § 1983) and diversity jurisdiction. Defendants also moved to transfer that action to the United States District Court for the District of Columbia where related actions are pending. *See* Notice of Removal of State Action, *Klayman v. Porter*, No. 9:22-cv-80003 (S.D. Fla. Jan. 3, 2022), ECF No. 1; Defs.' Mot. to Transfer and Notice of Pending, Refiled, Related, or Similar Actions, *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 3, 2022), ECF No. 8.

5.     Evidently hoping to escape federal court and return to his preferred state court forum, Plaintiff voluntarily dismissed *Klayman I* on January 6, 2022. *See* Pl.'s Notice of Voluntary Dismissal, *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8.

---

[1] On July 3, 2018, Plaintiff filed his first pro se lawsuit in the United States District Court for the District of Columbia against the ODC and four ODC officials, including Mr. Fox and Ms. Porter, both named in this action. *Klayman v. Fox,* No. 18-1579 (RDM), 2019 WL 2396538, at *4–5 (D.D.C. June 5, 2019).

[2] Mr. Kaiser no longer serves on the District of Columbia Board on Professional Responsibility. *See* DC Bar, Board on Professional Responsibility, https://www.dcbar.org/Attorney-Discipline/Board-on-Professional-Responsibility/Board (k=last visited August 22, 2022)

6. Also on January 6, 2022, in another tactic to deny the Defendants a federal forum, Plaintiff filed a new action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, against the same officials (Ms. Porter, Mr. Fox, and Mr. Kaiser). *Klayman v. Porter*, Case No. 50-2022-CA000122XXXXMB (Fla. 15th Jud. Cir., Jan. 6, 2022) (attached hereto as Ex. 2). That complaint is substantively identical to the December 6, 2021 complaint. The only alteration was that Plaintiff removed his cause of action under 42 U.S.C. § 1983 and replaced it with a cause of action for a violation of the Florida Constitution Section IX.

7. On February 17, 2022, Defendants removed that case to this Court, based on diversity jurisdiction, and moved to transfer the action to the United States District Court for the District of Columbia where related actions are pending. *See Klayman v. Porter*, No. 1:20-cv-03109 (W.D. Tex. Oct. 2, 2020); *Klayman v. Kaiser*, No. 1:21-cv-00965 (N.D. Cal. Dec. 30, 2020); *Klayman v. Porter*, No. 1:20-cv-03579 (N.D. Tex. Aug 26, 2020). Plaintiff moved for remand and for sanctions, arguing that this Court lacked diversity jurisdiction because Plaintiff was not seeking damages in excess of $74,999. Pl.'s Mot. to Remand and for Sanctions, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022), ECF No. 8. Plaintiff further argued that his six prior federal lawsuits challenging D.C. Bar proceedings and seeking in excess of $75,000 have no bearing on the present case. *Id.*

8. On March 25, 2022, the Court – Judge Singhal presiding – denied Plaintiff's motion, finding that "it is readily apparent to the Court that Plaintiff has engaged in bad faith and gamesmanship for the purpose of avoiding federal jurisdiction." Order, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). Judge Singhal concluded that it was "common sense" that the actual amount in controversy satisfied the requirements for diversity jurisdiction, denied Plaintiff's motion for sanctions, and transferred the action to the U.S. District Court for the District

of Columbia. *Id*. The Court denied Plaintiff's subsequent motion for reconsideration, explaining that it was "unpersuaded that Plaintiff is acting in good faith" and concluding "Plaintiff has had so many bites at the apple that the case is now down to its core and must be resolved by the proper Court." Order at 1, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 29, 2022), ECF No. 18 (Ex. 3) (noting Plaintiff's "judge shopping").

9. On March 29, 2022, Plaintiff appealed the Court's denial of remand and sanctions and its order of transfer. Notice of Appeal, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 29, 2022); *Klayman v. Porter*, No. 22-10981-AA (11th Cir. Mar. 29, 2022). The Eleventh Circuit *sua sponte* dismissed Plaintiff's appeal for lack of jurisdiction on May 27, 2022. *Klayman v. Porter*, No. 22-10981-AA (11th Cir. May 27, 2022).

10. The same day Plaintiff filed the aforementioned motion for reconsideration, March 25, 2022, he filed his third substantively identical complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which Defendants removed to the Southern District of Florida and filed a motion to dismiss. *Klayman v. Porter*, No. 22-cv-80642 (S.D. Fla.). On August 8, 2022, the Southern District of Florida dismissed the lawsuit, concluding that the case was barred by the claim splitting doctrine. Order, *Klayman v. Porter*, No. 22-cv-80642-AHS at 2 (S.D. Fla. Aug. 8, 2022) (noting that the "case involves both the same parties and…[a]lthough the Complaint only seeks injunctive relief, it involves the same alleged wrongdoing as the previous case").

11. On April 21, 2022, Plaintiff filed a Notice of Request for Investigation by Judicial Council of the U.S. Court of Appeals for the Eleventh Circuit" requesting an "expeditious investigation" of the presiding judges in four of his matters. *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Apr. 21, 2022)

12. On June 27, 2022, Plaintiff filed the instant State Court action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. This action did not become active until Plaintiff paid the filing fee on July 11, 2022. Plaintiff started serving Defendants with the summons and complaint in August 2022. In the meantime, on June 29, 2022, the U.S. District Court for the District of Columbia issues an order precluding Plaintiff from filing any additional lawsuits based upon the previous and pending D.C. Bar proceedings against him, pending a final ruling by the Court on the pending motions in the matter, which Plaintiff appealed the to the U.S. Court of Appeals for the District of Columbia Circuit the same day. Order at 1, *Klayman v. Porter*, No. 20-cv-3109 (D.D.C. June 29, 2022) (Ex. 4); Notice of Appeal, *Klayman v. Porter*, No. 22-7094 (D.C. Cir. June 29, 2022) (Ex. 5). Plaintiff nonetheless effectively initiated this action by paying the filing fee on July 11, 2022, and proceeded to attempt to complete service on the Defendants.

13. The instant State Court Action is Plaintiff's latest attempt to evade a federal forum. This Complaint is substantively nearly identical to his previous actions. The only change is that Plaintiff removed all federal claims, now seeks only injunctive relief, and added an additional Defendant.[3] Compl. ¶ 2. Consistent with Plaintiff's tactics in previous related actions, these minor changes are a clear attempt to avoid removal to this Court based upon federal question or diversity jurisdiction.

14. This is Plaintiff's fourth action in the same Florida state court in less than a year. A quick review shows that it is nothing more than a copy-and-paste of Plaintiff's January 6, 2022 and March 25, 2022 actions. The only alterations in the instant Complaint are that Plaintiff

---

[3] Plaintiff added Myles Lynk, Assistant Bar Disciplinary Counsel at Office of Bar Disciplinary Counsel, as a Defendant in the instant action. The claims against Mr. Lynk are substantively identical to those he previously brought against the other Defendants.

includes a civil conspiracy cause of action and adds a new D.C. Bar official – Mr. Myles Lynk. On August 2, 2022, Ms. Porter and Mr. Kaiser were purportedly served with a copy of the Complaint. *See* Exhibits 6 and 7. Mr. Fox was served on August 4, 2022. *See* Exhibit 8. To date, Plaintiff has not served Mr. Lynk.

15. In accordance with 28 U.S.C. § 1446(b), Defendants timely file this Notice of Removal within 30 days of the date on which they were served with the Complaint. The Defendants unanimously join in and consent to this Notice of Removal.

## GROUNDS FOR REMOVAL

16. This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and therefore, this action is removable to this Court under diversity jurisdiction.

17. Plaintiff is a citizen of Florida and is completely diverse from Defendants. Defendant Porter is a citizen of the Commonwealth of Virginia, Defendant Fox is a citizen of the District of Columbia, and Defendants Kaiser and Lynk are citizens of the State of Maryland. Compl. ¶¶ 3–7.

18. Plaintiff attempts to defeat diversity jurisdiction and avoid removal of this action to federal court by disavowing any claim for damages, and instead seeking only injunctive relief. *Id.* ¶¶ 2, V(a) (prayer for relief). However, "[a] careful attempt by a plaintiff . . . to avoid jurisdiction in federal court by failing to specify in the complaint a specific amount of damages will not keep such an action out of federal court." *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1354 (N.D. Fla. 2011).

19. Although Plaintiff pleads only injunctive relief to attempt to defeat the jurisdictional limits of 28 U.S.C. § 1332, the actual amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)–(i) ("[T]he notice of removal may assert the amount in controversy if

the initial pleading seeks…nonmonetary relief."). The "amount in controversy" requirement is met when the value of injunctive relief exceeds $75,000, regardless of whether damages are also sought. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).

20. The value of injunctive relief is the value of the object of the litigation measured from the plaintiff's perspective. *See Shell Oil Co. v. Altina Assocs.*, 866 F. Supp. 536 (M.D. Fl. 1994); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *See Morrison*, 228 F.3d at 1268.

21. The subject of this action, like Plaintiff's prior actions against Defendants, is Plaintiff's legal practice. *See, e.g.*, Compl. ¶¶ 8–17. Plaintiff contends that the Defendants are engaged in "a crusade to have [him] removed from the practice of law," to "financially ruin him," and to "destroy[] his legal practice and other professional endeavors and he and his family's financial well-being." Compl. at ¶¶ 9, 10, 16. He claims that Defendants are attempting to "remove him from the practice of law in order to silence his conservative/libertarian private and public interest advocacy, as well as a personal dislike of [him] and a vendetta against him." Compl. ¶ 95.

22. Each of those prior actions involves substantially the same parties, facts, and law as this case. Those actions and this action are all premised upon the same District of Columbia Bar disciplinary proceedings concerning Plaintiff, and Plaintiff claims abuse of process in each. *Id.* In prior cases, Plaintiff sought damages "in excess of $75,000" on claims of (1) tortious interference, (2) abuse of process, (3) violation of the Florida Constitution Section IV, and (4) violation of the Florida Constitution Section IX. Here, Plaintiff seeks injunctive relief on claims

of (1) abuse of process, (2) violation of the Florida Constitution Section IV, and (3) civil conspiracy.

23. The complaints in the prior actions demonstrate that Plaintiff values his legal practice as worth "in excess of $75,000." Compl., *Klayman v. Kaiser*, No. 20-cv-09490 VII(a) (prayer for relief) (N.D. Cal. Dec. 31, 2020) (Ex. 9); Compl., *Klayman v. Porter*, No. 20-cv-2526 VII(a) (prayer for relief) (N.D. Tex. Aug. 26, 2020) (Ex. 10); Compl., *Klayman v. Porter*, et al., C.A. No. 1:20-cv-1014 VII(a) (prayer for relief) (W.D. Tex. Oct. 2, 2020) (Ex. 11);[4] Order, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022) (rejecting Plaintiff's argument that because the action was "primarily being brought for injunctive relief" the amount in controversy was not satisfied and holding that the amount in controversy exceeds the jurisdictional threshold); Order., *Klayman v. Porter*, No. 22-cv-80642 (S.D. Fla. June 27, 2022) (same).

24. In fact, this Court has already determined that Plaintiff's claim for injunctive relief does not defeat diversity jurisdiction. In Plaintiff's January 6, 2022 complaint against Defendants – which asserts the following claims of relief: (1) tortious interference, (2) abuse of process, (3) violation of the Florida Constitution Section IV, and (4) violation of the Florida Constitution Section IX – Plaintiff claimed that his complaint was "primarily being brought for injunctive relief." Pl. Mot. to Remand and for Sanctions at 1, *Klayman v. Porter*, Case No. 9:22-cv-80270-AHS (S.D. Fla. Feb. 23, 2022). This Court, however, found that the amount-in-controversy requirement was satisfied, explaining:

> Plaintiff has previously filed six very similar actions to the present one, each one seeking in excess of $75,000. Moreover, Plaintiff filed an almost identical complaint in Florida state court (which was removed to federal court), voluntarily dismissed the complaint, and then refiled the present Complaint alleging an

---

[4] Both cases were subsequently transferred to the U.S. District Court for the District of Columbia. Transfer Order, *Klayman v. Porter*, No. 20-cv-2526 (N.D. Tex. Dec. 7, 2020); Transfer Order, *Klayman v. Kaiser*, No. 20-cv-09490 (N.D. Cal. Feb. 22, 2021).

amount-in-controversy just below the jurisdictional threshold. Therefore, applying this Court's judicial experience and common sense, it is apparent the true amount-in-controversy exceeds the jurisdictional threshold.

Order at 3–4, *Klayman v. Porter*, Case No. 9:22-cv-80270-AHS (S.D. Fla. Mar. 25, 2022).

25. Here, Defendants satisfy their burden of demonstrating to a legal certainty that the amount in controversy requirement has been satisfied. The amount in controversy is not speculative or immeasurable, as clearly evidenced by Plaintiff's prior indistinguishable suits against these Defendants based on the same facts.

26. Plaintiff has blatantly engaged in "abusive manipulation" of the procedural rules by pleading only equitable relief in state court in effort to evade federal removal jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 180. "Such manipulation is surely characterized as bad faith." *Id.; see also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (tactical manipulation of procedural rule by the plaintiff to defeat jurisdiction cannot be condoned).

27. Plaintiff has made clear that he has a tactical interest in having this case heard in a Florida state court rather than a federal court, even though there is complete diversity and the claims involve action taken in the District of Columbia by the Office of the Disciplinary Counsel of the District of Columbia Bar.[5] The federal courts do not condone Plaintiff's procedural gamesmanship in trying to evade federal jurisdiction by manipulating the amount of claimed damages. Order at 3, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). Because

---

[5] Plaintiff has admitted that he prefers state court and insinuated that federal courts' decisions are biased and made "behind closed doors." Trans. 25:10-12, Jan. 26, 2022 Hearing, *Klayman v. Politico LLC*, Case No. 50-2020-CA-011868-MB at 25 (Fla. 15th Jud. Cir., Jan. 26, 2022), attached hereto as Ex. 12.

Defendants have shown that the amount in controversy exceeds the jurisdictional amount, removal is procedurally proper.  *See id.*

28. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Florida because it is in the district and division embracing the place where the State Court Action is pending.  As required by 28 U.S.C. § 1446(a) and S.D. Fla. Local Rule 7.2, copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Exhibit 13. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Fifteenth Judicial Circuit, and will give written notice thereof to all adverse parties, to effect the removal of this civil action.  *See* 28 U.S.C. § 1446(d).

29. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their rights to assert any defense that they could have asserted in the State Court Action.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the Southern District of Florida.

Dated: August 22, 2022

Respectfully submitted,

*s/ Brian Rafkin*
Brian Rafkin
Florida Bar No. 59422
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street NW
Washington, DC 2006
T: 202.887.4158
F: 202.887.4288
brafkin@akingump.com

*Attorney for Defendants Julia Porter, Hamilton Fox, III, Myles Lynk, and Matthew Kaiser*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 22, 2022, a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid to *pro se* Plaintiff Larry Klayman:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433
leklayman@gmail.com

                                                  *s/ Brian Rafkin*
                                                  Brian Rafkin