**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LARRY KLAYMAN,<br>                       Plaintiff,<br>      v.<br>JULIA PORTER, HAMILTON FOX, III, MYLES<br>LYNK, MATTHEW KAISER,<br>                     Defendants. | Civil Action No. 22-81295<br><br>*Removed from:*<br><br>THE CIRCUIT COURT OF THE<br>FIFTEENTH JUDICIAL CIRCUIT, IN<br>AND FOR PALM BEACH COUNTY,<br>FLORIDA<br><br>CASE NO. 2022- CA-006589 |

**DEFENDANTS' MOTION TO DISMISS**

i

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND .................................................................................................................1

    A.    Plaintiff's Three Prior Related Lawsuits in Florida State Court ............................2

    B.    Plaintiff's First Two Related Lawsuits in the District of Columbia ......................5

    C.    Plaintiff's Third Related Lawsuit in D.C. Superior Court ...................................6

    D.    Plaintiff's Fourth Related Lawsuit in the Northern District of Texas ..................6

    E.    Plaintiff's Fifth Related Lawsuit in the Western District of Texas .......................7

    F.    Plaintiff's Sixth Related Lawsuit in the Northern District of California ...............7

    G.    This Court's Injunction of Plaintiff ......................................................................8

    H.    U.S. District Court for the District of Columbia Order Precluding Plaintiff
        From Filing Additional Lawsuits .........................................................................8

LEGAL STANDARD ..........................................................................................................8

ARGUMENT ......................................................................................................................9

    I.    This action should be dismissed based on the rule against claim-splitting ............9

    II.    Plaintiff's claims should be dismissed for *forum non conveniens*. .......................12

    III.    The Complaint should be dismissed on *res judicata* grounds. ...........................13

    IV.    Plaintiff's claims are precluded by Defendants' absolute immunity ....................15

    V.    Plaintiff's claim for injunctive relief should be dismissed based on
        *Younger* abstention. ...........................................................................................16

    VI.    The Complaint fails to state a claim for relief. ...................................................18

        A.    The Complaint Fails to State a Claim Under the Florida
            Constitution Article I, Section 4 .............................................................18

        B.    Plaintiff Fails to State a Claim for Abuse of Process ...............................19

        C.    Plaintiff Fails to State a Claim for Civil Conspiracy ...............................21

    VII.    Alternatively, this Court should stay the instant suit. ..........................................23

CONCLUSION ..................................................................................................................24

## TABLE OF AUTHORITIES

<u>CASES</u>:

*Abdullah v. Alabama Sent'g Comm'n.*,
    386 F. App'x 947 (11th Cir. 2010) ......................................................................17

*Adler v. Duval Cty. Sch. Bd.*,
    112 F.3d 1475 (11th Cir. 1997) ......................................................................17

*AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*,
    No. 16-24272-CIV, 2017 WL 222053 (S.D. Fla. Jan. 18, 2017) ............................................10

*Alhassid v. Bank of Am., N.A.*,
    60 F. Supp. 3d 1302 (S.D. Fla. 2014) ......................................................................22

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................8, 9, 22

*Attwood v. Clemons*,
    526 F. Supp. 3d 1152 (N.D. Fla. 2021) ......................................................................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................8, 9

*Borinquen Health Care Ctr., Inc. v. ICare RX LLC*,
    No. 21-20872-CIV, 2021 WL 1564462 (S.D. Fla. Apr. 21, 2021) ............................................24

*Certain Underwriting Members of Lloyd's v. Prime Holdings Ins. Servs.*, Inc.,
    306 So. 3d 1086 (Fla. Dist. Ct. App. 2020) ......................................................................12

*Cotton States Mutual Ins. Co. v. Anderson*,
    749 F.2d 663 (11th Cir. 1984) ......................................................................13

*Curtis v. Citibank N.A.*,
    226 F.3d 133 (2d Cir. 2000) ......................................................................11

*Fellner v. Bar Ass'n of Baltimore City*,
    213 Md. 243, 131 A.2d 729 (1957) ......................................................................21

*Ford v. Brown*,
    319 F.3d 1302 (11th Cir. 2003) ......................................................................12

*Fullman v. Graddick*,
    739 F.2d 553 (11th Cir. 1984) ......................................................................22

*Goldberg v. Kelly*,
    397 U.S. 254 (1970) ......................................................................20

*Gov't of Virgin Islands v. Needle*,
  861 F. Supp. 1054 (M.D. Fla. 1994) ..................................................23

*Greene v. H & R Block E. Enters., Inc.*,
  727 F. Supp. 2d 1363 (S.D. Fla. 2010) .............................................9

*Harrison v. Off. of State Cts. Adm'r*,
  No. 6:06CV1878 ORL19UAM, 2007 WL 1576351 (M.D. Fla. May 30, 2007)..................18

*Horton v. Metropolitan Life Ins. Co.*,
  459 F. Supp. 2d 1246 (M.D. Fla. 2006) ............................................11

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank*,
  793 F.2d 1541 (11th Cir. 1986) .....................................................23

*In re Klayman*,
  991 F.3d 1289 (D.C. Cir. 2021) .....................................................19

*In re Managed Care Litig.*,
  430 F. Supp. 2d 1336 (S.D. Fla. 2006) .............................................22

*In re Nace*,
  490 A.2d 1120 (D.C. 1985) ..........................................................16

*In re Spikes*,
  881 A.2d 1118 (D.C. 2005) ..........................................................16

*Iragorri v. United Techs. Corp.*,
  274 F.3d 65 (2d Cir. 2001)..........................................................12

*Irvin v. United States*,
  335 F. App'x 821 (11th Cir. 2009).................................................13

*Jones v. Broward Count State Attorney's Off.*,
  No. 08-61404-CIV, 2009 WL 1456323 (S.D. Fla. May 22, 2009)..........................13

*Kaimowitz v. The Fla. Bar*,
  996 F.2d 1151 (11th Cir. 1993) ....................................................15

*Kentucky v. Graham*,
  473 U.S. 159 (1985).................................................................15

*Kirkpatrick v. Shaw*,
  70 F.3d 100 (11th Cir. 1995) .................................................18, 20, 21

*Klayman v. DeLuca*,
  712 F. App'x 930 (11th Cir. 2017) ..................................................8

*Klayman v. Fox*,
No. 18-cv-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019)................................ *passim*

*Klayman v. Lim*,
No. 18-cv-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019)............................... *passim*
Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020) ............................. *passim*
830 F. App'x 660 (D.C. Cir. 2020).........................................................................................20

*Klayman v. Porter*,
No. 2020 CA 000756 B, slip op. (D.C. Super. Oct. 1, 2020) .........................................6, 15, 20

*Klayman v. Rao*,
No. 21-CV-02473 (CRC), 2021 WL 4948025 (D.D.C. Oct. 25, 2021)...................................19

*Kugler v. Helfant*,
421 U.S. 117 (1975)....................................................................................................17

*Lamb v. Milllennium Challenge Corp*,
No. 19-589 (RDM), 2020 WL 6484489 (D.D.C. Nov. 3, 2020) ...........................................8, 9

*Leon v. Millon Air, Inc.*,
251 F.3d 1305 (11th Cir. 2001) ...................................................................................12

*Leviton Mfg. Co. v. Interline Brands, Inc.*,
No. 3:05-cv-123-J-33MCR, 2006 WL 2523137 (M.D. Fla. Aug. 30, 2006)...........................23

*Manuel v. Convergys Corp.*,
430 F.3d 1132 (11th Cir. 2005) ............................................................................10, 11

*McKinney v. Pate*,
20 F.3d 1550 (11th Cir. 1994) ....................................................................................20

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982)...............................................................................................16, 17

*Nat'l Ass'n for Advancement of Multijurisdiction Prac. (NAAMJP) v. Howell*,
851 F.3d 12 (D.C. Cir. 2017).......................................................................................18

*Nat'l Ass'n of Home Builders v. EPA*,
786 F.3d 34 (D.C. Cir. 2015).......................................................................................13

*Nat'l Health Fed. v. Weinberger*,
518 F.2d 711 (7th Cir. 1975) ......................................................................................11

*Nebula Glass Int'l, Inc. v. Budnick Converting, Inc.*,
No. 09-61256-CIV, 2010 WL 473330 (S.D. Fla. Feb. 5, 2010).............................................10

*Nichols v. Alabama State Bar*,
   815 F.3d 726 (11th Cir. 2016) ....................................................................................15

*Ohralik v. Ohio State Bar Ass'n*,
   436 U.S. 447 (1978) ...................................................................................................18

*Parisi v. Kingston*,
   314 So. 3d 656 (Fla. 3d DCA 2021) .....................................................................22, 23

*Petersen v. Fla. Bar*,
   720 F. Supp. 2d 1351 (M.D. Fla. 2010) .....................................................................19

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ...................................................................................................12

*Raimi v. Furlong*,
   702 So. 2d 1273 (Fla. 3d DCA 1997) .........................................................................21

*Renpak, Inc. v. Oppenheimer*,
   104 So. 2d 642 (Fla. Dist. Ct. App. 1958) ..................................................................21

*Russo v. Fink*,
   87 So. 3d 815 (Fla. 4th DCA 2012) ...........................................................................22

*Schlosser v. Coleman*,
   818 F. Supp. 1534 (M.D. Fla. 1993) ..........................................................................21

*Sciacca v. Bros. Records, Inc.*,
   No. 06-21175-CIV, 2006 WL 8433807 (S.D. Fla. Aug. 1, 2006) ................................9

*Searcy v. Singletary*,
   894 F. Supp. 1565 (M.D. Fla. 1995) ..........................................................................15

*SFM Holdings, Ltd. v. Banc of Am. Secs.*,
   LLC, 764 F.3d 1327 (11th Cir. 2014) .........................................................................21

*Shane v. Humana, Inc.*,
   228 F. App'x 927 (11th Cir. 2007) .............................................................................22

*Sibaja v. Dow Chem. Co.*,
   757 F.2d 1215 (11th Cir. 1985) ..................................................................................12

*Simmang v. Texas Bd. of Law Examiners*,
   346 F. Supp. 2d (W.D. Tex. 2004) .............................................................................21

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ...................................................................................................13

*The Fla. Bar re Jahn*,
  559 So. 2d 1089 (Fla. 1990)..............................................................................21

*The Fla. Bar v. Wasserman*,
  675 So. 2d 103 (Fla. 1996)...............................................................................18

*Trustmark Ins. v. ESLU, Inc.*,
  299 F.3d 1265 (11th Cir. 2002) ..........................................................................9

*Uberoi v. Supreme Court of Fla.*,
  819 F.3d 1311 (11th Cir. 2016) ........................................................................15

*UMC Devv., LLC v. Dist. of Columbia*,
  401 F. Supp. 3d 140 (D.D.C. 2019) ..................................................................14

*Vanover v. NCO fin. Servs., Inc.*,
  857 F.3d 833 (11th Cir. 2017) .......................................................................9, 11

*Verner v. State of Colo.*,
  533 F. Supp. 1109 (D. Colo. 1982)....................................................................20
  716 F.2d 1352 (10th Cir. 1983) .........................................................................20

*Weisman v. S. Wine & Spirits of Am., Inc.*,
  297 So. 3d 646 (Fla. 4th DCA 2020) .................................................................21
  No. SC20-1116, 2020 WL 6391217 (Fla. Nov. 2, 2020)....................................21

*Wright v. Yurko*,
  446 So. 2d 1162 (Fla. 5th DCA 1984) ...............................................................21

*Younger v. Harris*,
  401 U.S. 37 (1971)............................................................................... *passim*

**Constitution and Statutes:**

Fla. Const. art. I, § 4 ...........................................................................................18

28 U.S.C.
  § 1391.................................................................................................................13

42 U.S.C.
  § 1983...................................................................................................................3

**Other Authorities:**

DC Bar, *Board on Professional Responsibility*, (last visited Aug. 22, 2022)................2

D.C. Bar Rule XI, § 19(a) ..............................................................................15, 16

Fed. R. Civ. P. 12(b)(6).........................................................................................8

## INTRODUCTION

The present case is a duplicate of the lawsuit this Court dismissed earlier this month on the ground that it duplicated another of Plaintiff's suits, which the Court transferred to the U.S. District Court for the District of Columbia.  Plaintiff has now refiled what is in essence the same suit against the same Defendants, again in Florida state court.  Defendants have properly removed the case to this Court and, like the last case, it should now be dismissed.

The rule against claim-splitting prevents Plaintiff from maintaining this action at the same time as his case against Defendants that is pending in the District of Columbia, and for that reason alone this case should be dismissed.  In addition, dismissal is warranted under the doctrine of *forum non conveniens* and *res judicata*.  This forum is not convenient because Plaintiff's claims concern *District of Columbia* disciplinary proceedings, Plaintiff's practice of law in the *District of Columbia*, and Defendants are all officials of the *D.C.* Office of Disciplinary Counsel ("ODC") and *D.C.* Bar Board on Professional Responsibility.  *Res judicata* principles preclude this suit because this Court already determined that the claim splitting doctrine prevents Plaintiff from maintaining more than one suit asserting the same alleged wrongdoing in connection with his disciplinary proceedings by the ODC.

Further, as the U.S. District Court for the District of Columbia concluded in dismissing two actions of Plaintiff's actions relating to his disciplinary proceedings, the *Younger* abstention doctrine absolute immunity under D.C. Bar XI, § 19(a) preclude Plaintiff's claims.   And, in any event, Plaintiff fails to state a cognizable cause of action against any Defendant.

## BACKGROUND

Defendants – officials of the ODC and the District of Columbia Board on Professional Responsibility – are employed in the District of Columbia.  The Complaint does not allege that any Defendant resides in Florida, and indeed none does.

Prior to his suspension, Plaintiff practiced law in the District of Columbia.  While he alleges residence in Florida, he maintains a law office in the District of Columbia at Suite 345, 2020 Pennsylvania Avenue, NW, Washington, D.C. 20006 (https://www.larryklayman.com).

This is the ninth lawsuit Plaintiff has filed against the substantially same set of defendants on nearly identical claims of abuse of process, seeking to collaterally attack proceedings involving his practice of law in the District of Columbia. [1]  It is the latest installment in a series of cases that Plaintiff has initiated against Defendants here and other officials connected to disciplinary proceedings concerning his license to practice law in the District of Columbia.

The instant case, filed on June 27, 2022 is a minor reformulation of the complaints Plaintiff filed on January 6, 2022 and March 25, 2022. *See Klayman v. Porter*, Case No. 50-2022-CA000122XXXXMB (Fla. 15th Jud. Cir., Jan. 6, 2022); *Klayman v. Porter*, No. 50-2022-CA002797XXXXMB (Fla. 15th Jud. Cir., Mar. 25, 2022).  The actions involve the same dispute and issues, and the present complaint only adds an additional D.C. Bar official in a transparent attempt to evade federal jurisdiction.  The only substantive difference in the present action is that Plaintiff adds a civil conspiracy claim.

A.     **Plaintiff's Three Prior Related Lawsuits in Florida State Court**

On December 6, 2021, Plaintiff filed an action in this Court against officials of the ODC (Ms. Porter and Mr. Fox) and the District of Columbia Board on Professional Responsibility (Mr. Kaiser).  *See Klayman v. Porter*, Case No. 50-2021-CA013239XXXXMB (Fla. 15th Jud. Cir., Dec. 6, 2021) ("*Klayman I*") (Ex. 1).  Mr. Kaiser – whose Board term has expired – is no longer serving as the Chair or a member of the Board. *See* DC Bar, *Board on Professional Responsibility*,

---

[1]     The count of nine nearly identical lawsuits by Plaintiff does not include yet another substantially similar complaint he filed on December 6, 2021, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  After Defendants removed that action to federal court on diversity and federal question grounds, Plaintiff filed a Motion for a Rule 41 Dismissal Without Prejudice and then refiled a complaint that same day.  *See* Pl. Notice of Voluntary Dismissal, *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8

https://www.dcbar.org/Attorney-Discipline/Board-on-Professional-Responsibility/Board   (last visited Aug. 22, 2022).

On January 3, 2022, Defendants removed the case to the Southern District of Florida. Defendants also moved to transfer this action to the United States District Court for the District of Columbia where related actions are pending.  *See* Notice of Removal of State Action, *Klayman I*, No. 9:22-cv-80003 (S.D. Fla. Jan. 3, 2022), ECF No. 1; Defs.' Mot. to Transfer and Notice of Pending, Refiled, Related, or Similar Actions, *Klayman I*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 3, 2022), ECF No. 8.

Evidently hoping to escape federal court and settle back into his preferred state court forum, Plaintiff filed a Motion for a Rule 41 Dismissal Without Prejudice on January 6, 2021.  *See* Pl.'s Notice of Voluntary Dismissal*, Klayman I*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8.  That same day, in another tactic to deny the Defendants a federal forum, Plaintiff filed a new action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida against the same officials (Ms. Porter, Mr. Fox, and Mr. Kaiser).  *Klayman v. Porter*, Case No. 50-2022-CA000122XXXXMB (Fla. 15th Jud. Cir., Jan. 6, 2022) ("*Klayman II*") (Ex. 2).  This second state court action is substantively identical to *Klayman I*.  The only alteration in *Klayman II* is that Plaintiff replaced his cause of action under 42 U.S.C. § 1983 with a cause of action for violation of the Florida Constitution, Section IX.

On February 17, 2022, Defendants removed *Klayman II* to the Southern District of Florida, based on diversity jurisdiction.  Defendants also moved to transfer the action to the U.S. District Court for the District of Columbia, where related actions are pending.  *See Klayman v. Porter*, No. 1:20-cv-03109 (W.D. Tex. Oct. 2, 2020), *Klayman v. Kaiser*, No. 1:21-cv-00965 (N.D. Cal. Dec. 30, 2020); *Klayman v. Porter*, No. 1:20-cv-03579 (N.D. Tex. Aug 26, 2020).  Plaintiff moved for sanctions and to remand the case, arguing that the Southern District of Florida lacked diversity jurisdiction because Plaintiff was not seeking damages in excess of $75,000.  Mot. to Remand and for Sanctions, *Klayman II*, No. 9:22-cv-80270 (S.D. Fla. Feb. 23, 2022).  Plaintiff further argued

that his six prior federal lawsuits challenging D.C. Bar proceedings and seeking in excess of $75,000 had no bearing on the case. *Id.* This Court found, however, that "it is readily apparent to the Court that Plaintiff has engaged in bad faith and gamesmanship for the purpose of avoiding federal jurisdiction." Order, *Klayman II,* No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). The Court concluded that (i) it was "common sense" that the true amount in controversy satisfied the requirements for diversity jurisdiction, (ii) denied Plaintiff's motion for sanctions, and (iii) granted the motion to transfer. *Id.*

Plaintiff filed a motion for reconsideration on March 25, 2022. Mot. for Reconsideration, *Klayman II,* No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). The Court, "unpersuaded that Plaintiff is acting in good faith," denied the motion for reconsideration on March 29, 2022. Order at 1, *Klayman II,* No. 22-cv-80270 (S.D. Fla. Mar. 29, 2022) (Ex. 3) (noting Plaintiff's "judge shopping"). On March 29, 2022, Plaintiff appealed the Court's order (1) transferring the case, (2) denying Plaintiff's motions to remand and for sanctions, and (3) denying Plaintiff's motion for reconsideration. On May 27, 2022, the U.S. Court of Appeals for the Eleventh Circuit *sua sponte* dismissed Klayman's appeal for lack of jurisdiction. *Klayman v. Porter*, No. 22-10981-AA (11th Cir. May 27, 2022).

On March 25, 2022 Plaintiff filed his third substantively identical complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See Klayman v. Porter*, No. 50-2022-CA002797XXXXMB (Fla. 15th Jud. Cir., Mar. 25, 2022) ("*Klayman III*") (Ex. 4). Plaintiff removed his abuse of process and tortious interference claims and this time sought only injunctive relief. Defendants removed the case to this Court and filed a motion to dismiss. *Klayman v. Porter*, No. 22-cv-80642 (S.D. Fla.). On August 8, 2022, this Court dismissed the lawsuit, concluding that the case was barred by the claim splitting doctrine. Order, *Klayman v. Porter*, No. 22-cv-80642-AHS at 2 (S.D. Fla. Aug. 8, 2022) (noting that the "case involves both the same

parties and…[a]lthough the Complaint only seeks injunctive relief, it involves the same alleged wrongdoing as the previous case").

On April 21, 2022, Plaintiff filed a "Notice of Request for Investigation by Judicial Council of the U.S. Court of Appeals for the Eleventh Circuit" ("Notice") requesting an "expeditious investigation" of the presiding judges in four of his matters – one being the judge of this Court who presided over *Klayman II* – due to the "conduct and rulings of the presiding judges."  Notice at 1, *Klayman II,* No. 22-cv-80270 (S.D. Fla. Apr. 21, 2022) (Ex. 5.).

On June 27, 2022, Plaintiff filed the instant State Court action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  This action did not become active until Plaintiff paid the filing fee on July 11, 2022.  This action is Plaintiff's latest attempt to evade a federal forum. This Complaint is nearly identical to his previous action, except that Plaintiff adds an additional Defendant (Myles Lynk), a civil conspiracy charge and revives his abuse of process cause of action.  Consistent with Plaintiff's tactics in previous related actions, these minor changes are a clear attempt to avoid satisfying the requirements of federal question or diversity jurisdiction.

### B.    Plaintiff's First Two Related Lawsuits in the District of Columbia

In Plaintiff's first two lawsuits concerning D.C. Bar disciplinary proceedings against him, both in the United States District Court for the District of Columbia, the court granted the defendants' Motions to Dismiss.  *See Klayman v. Fox*, No. 18-cv-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019) ("*Klayman IV*"); *Klayman v. Lim*, No. 18-cv-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019) ("*Klayman V*").  Plaintiff appealed those orders, and on October 6, 2020, a three-judge panel of the U.S. Court of Appeals for the District of Columbia Circuit affirmed the dismissals.  *Klayman v. Lim*, Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020) ("*Klayman VI*") (Ex. 6).

### C.      Plaintiff's Third Related Lawsuit in D.C. Superior Court

In Plaintiff's third suit concerning his disciplinary proceedings, on October 1, 2020, the D.C. Superior Court, applying the law of the District of Columbia, dismissed with prejudice the substantially similar claim filed by Mr. Klayman in that court and entered an order imposing sanctions. *Klayman v. Porter*, No. 2020 CA 000756 B, slip op. (D.C. Super. Oct. 1, 2020) ("*Klayman VII*") (Ex. 7).

### D.      Plaintiff's Fourth Related Lawsuit in the Northern District of Texas

On August 26, 2020, Plaintiff filed his fourth suit regarding his D.C. disciplinary proceedings in the U.S. District Court for the Northern District of Texas. *See Klayman v. Porter*, C.A. No. 3:20-cv-02526-M (N.D. Tex.) ("*Klayman VIII*") (Ex. 8). In his complaint, which is substantially identical to the Complaint in the instant case, Plaintiff asserted claims of "tortious interference" and "abuse of process." *Id.* On December 7, 2020, the Northern District of Texas granted the defendants' motion to transfer the case to the U.S. District Court of the District of Columbia. *See* Order, *Klayman VIII*, C.A. No. 3:20-cv-02526-M (N.D. Tex. Dec. 7, 2020) (Ex. 9).

The Northern District of Texas held that both the public and private interests weighed in favor of transferring the case to the District of Columbia and did not find a single interest that weighed against transferring the case. *Id.* The court also recognized the four other cases in the District of Columbia involving the "same general parties" and alleging similar claims of abuse of process regarding Plaintiff's disciplinary proceedings. *Id.* at 5. It concluded that a "denial of the Motion to Transfer Venue would result in a duplication of efforts and expenses." *Id.*

Regarding the public interest, the Northern District of Texas emphasized the District of Columbia's interests in deciding local issues and greater familiarity with the District of Columbia Bar's rules and procedures. *Id.* at 5–6. The court recognized that "[a]ll parties either reside or maintain offices in the District of Columbia," that "Defendants are all employed in the District of

6

Columbia," and that "[t]he disciplinary proceedings that preceded Defendants' alleged conduct occurred in the District of Columbia." *Id.* at 6.

      **E.**    **Plaintiff's Fifth Related Lawsuit in the Western District of Texas**

      On October 2, 2020, Plaintiff filed his fifth suit regarding his disciplinary proceedings, this time in the United States District Court for the Western District of Texas. *See Klayman v. Porter*, C.A. No. 1:20-cv-1014 (W.D. Tex.) ("*Klayman IX*") (Ex. 10). The complaint in that suit is substantially identical to the complaint in the instant case, again asserting claims of "tortious interference" and "abuse of process." *Id.* The court, on the defendants' motion, granted the defendants' motion to transfer the case to the U.S. District Court for the District of Columbia. Order, *Klayman IX*, C.A. No. 1:20-cv-1014 (W.D. Tex. Oct. 29, 2020) (Ex. 11).

      **F.**    **Plaintiff's Sixth Related Lawsuit in the Northern District of California**

      Plaintiff filed a sixth civil complaint naming Ms. Porter, Mr. Fox, and Mr. Kaiser – each of whom is also a Defendant here – and Mr. Lawrence K. Bloom (an ODC Senior Staff Attorney) as defendants in the Northern District of California. *See* Compl., *Klayman v. Kaiser*, No. 20-cv-09490 (N.D. Cal. Dec. 31, 2020) ("*Klayman X*") (Ex. 12). That action, like this action, challenges the ODC's disciplinary proceedings involving Plaintiff's practice of law in the District of Columbia. *Id.*

      On February 22, 2021, like the Texas federal courts, the Northern District of California granted defendants' motion to transfer the case to the U.S. District Court for the District of Columbia. *See* Order, *Klayman X*, No. 1:20-cv-09490 (N.D. Cal. Feb. 22, 2021) (Ex. 13). The court recognized that there were no witnesses in California and "the plaintiff could have filed the lawsuit in District of Columbia, where the D.C. Bar disciplined him and where the defendants work, issued their disciplinary suspension, and notified the courts where the plaintiff was admitted." *Id.* at 4. The court further recognized that "[b]efore the plaintiff filed this lawsuit, he filed five similar lawsuits, two in the District of Columbia, one in D.C. Superior court, and two in district courts in Texas," and that "[t]he D.C. courts ruled against him, and the Texas courts

transferred the lawsuits to the District of Columbia." *Id.* at 1–2. The court concluded that Plaintiff's choice of forum should be afforded "minimal deference" and transferred the case to the District of Columbia. *Id.* at 4–5.

G.      **This Court's Injunction of Plaintiff**

In 2016, this Court enjoined Plaintiff from filing further pro se civil suits against a law firm and attorneys who represented Plaintiff's ex-wife in a child custody action. *See Klayman v. DeLuca*, 712 F. App'x 930, 932 (11th Cir. 2017). Plaintiff had filed three such lawsuits, all of which were dismissed. *Id.* at 931–32. Rejecting Plaintiff's contention that he did not abuse the court system, the Eleventh Circuit affirmed this Court's injunction. *Id.* at 933–34.

H.      **U.S. District Court for the District of Columbia Order Precluding Plaintiff From Filing Additional Lawsuits**

On June 29, 2022, the U.S. District Court for the District of Columbia issued an order precluding Plaintiff from filing any additional lawsuits based upon the previous and pending D.C. Bar proceedings against him, pending the Court's final ruling on the pending motions in the matter. Order at 1*, Klayman v. Porter*, No. 20-cv-3109 (D.D.C. June 29, 2022). (Ex. 14). Plaintiff nonetheless elected to proceed with this action, paying the filing fee on July 11, 2022 and making attempts to serve Defendants in August 2022.

## LEGAL STANDARD

Where a claim is not supported by factual allegations sufficient to make it facially plausible, it should be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *accord, e.g.*, *Lamb v. Milllennium Challenge Corp*, No. 19-589 (RDM), 2020 WL 6484489, at *3 (D.D.C. Nov. 3, 2020). While the court accepts the complaint's well-pleaded facts as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Lamb*, 2020 WL 6484489, at *3 ("Although 'detailed factual allegations' are not required, the complaint must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me allegation.'") (quoting *Iqbal*, 556 U.S. at 678).   In addition to the immunity conferred upon Defendants by the D.C. Court of Appeals rules establishing the professional responsibility entities for which they work, Plaintiff's allegations do not satisfy the standards articulated in *Iqbal*.

## **ARGUMENT**

### I.      **This action should be dismissed based on the rule against claim-splitting.**

"It is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (quotation omitted).  Plaintiff brought the present case the same day he filed a motion for reconsideration of this Court's decision to transfer *Klayman II* to the U.S. District Court for the District of Columbia.  The only alterations in this complaint were the removal of two of the causes of action (abuse of process and tortious interference) and – in a blatant attempt to evade federal court jurisdiction – removal of all remedies other than injunctive relief.  *See Trustmark Ins. v. ESLU, Inc.*, 299 F.3d 1265, 1270 (11th Cir. 2002) (affirming dismissal when plaintiff brought consecutive lawsuits for breaches of the same contract, committed by the same party, and involving the same type of conduct even where different causes of action are alleged).

Under the rule prohibiting duplicative litigation, also known as the "claim splitting doctrine," a second action is barred if it involves the same "parties or their privies" and "arises out of the same transaction or series of transactions" as the first action.  *Id.*; *Sciacca v. Bros. Records, Inc.*, No. 06-21175-CIV, 2006 WL 8433807, at *2 (S.D. Fla. Aug. 1, 2006) (explaining the two claims "need not be identical").  The purpose is straightforward – it prevents "piecemeal" litigation, "ensure[s] fairness to litigants," "conserve[s] judicial resources." *Vanover v. NCO fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quotation omitted).  A party that objects to the

application of the first-filed rule must "carry the burden of proving 'compelling circumstances' to warrant an exception." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1335 (11th Cir. 2005).

Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption in favor of the forum of the first-filed suit. *Manuel*, 430 F.3d at 1135. "Removal does not affect the primacy" of a case. *Nebula Glass Int'l, Inc. v. Budnick Converting, Inc.*, No. 09-61256-CIV, 2010 WL 473330, at *1 (S.D. Fla. Feb. 5, 2010) (granting motion to dismiss based on first-filed rule where case originated in state court); *AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-24272-CIV, 2017 WL 222053, at *1 (S.D. Fla. Jan. 18, 2017) (granting motion to dismiss because the first to file rule applied to duplicative case initiated in state court and later removed).

The present case is essentially a copy and paste of *Klayman II* and *Klayman III*. *Klayman II* is currently pending in the U.S. District Court for the District of Columbia under case number 1:22-cv-00953-APM. This Court dismissed *Klayman III* as inappropriate claim splitting.[2]  Each complaint contains 53 paragraphs of allegations that are identical except for a few words regarding Plaintiff's request for injunctive relief.  Compl. ¶ 2.  Moreover, the complaint involves "parties and their privies" and the claims – pertaining to disciplinary proceedings involving Plaintiff's

---

[2] This case is also related to Plaintiff's six previously filed federal complaints described above.  *Compare* Compl. ¶ 9 (alleging Defendants "have engaged in the equivalent of a partisan politically and ideologically based agenda an in effect a crusade to have Mr. Klayman removed from the practice of law") *with* Compl. ¶ 10, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1 (alleging Defendants "have engaged in the equivalent of a partisan politically based agenda and in effect a 'jihad' to have Mr. Klayman removed from the practice of law") *and* Compl. ¶ 11, *Klayman v. Porter*, No, 20-cv-03579 (D.D.C. Aug. 26, 2020), ECF. No. 1 (alleging Defendants are "attempting to remove [Plaintiff] from the practice of law" as a "scheme" against him); *Compare* Compl. ¶ 17 (alleging Defendants "attempts to remove Plaintiff Klayman from the practice of law stem from his conservative/libertarian private and public advocacy") *with* Compl. ¶ 13, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1 (alleging that "Defendants' attempts to remove Plaintiff Klayman from the practice of law stem from his conservative, pro-Trump public and private advocacy") *and* Compl. ¶ 12, *Klayman v. Porter*, No, 20-cv-03579 (D.D.C. Aug. 26, 2020), ECF. No. 1 (repeating allegation that "Defendants' attempts to remove Plaintiff Klayman from the practice of law stem from his conservative, pro-Trump public and private advocacy").

District of Columbia bar license – involve "the same statutes, evidence, events or occurrences, parties, and witnesses."  Order, *Klayman III*, No. 22-cv-80642 (S.D. Fla. Aug. 8, 2022) (quoting *Vanover*, 857 F.3d at 841–42; *Horton v. Metropolitan Life Ins. Co.*, 459 F. Supp. 2d 1246, 1251 (M.D. Fla. 2006).

Evaluating the genuine nature of the current action reveals that it is merely an attempt to circumvent litigation pending in the District of Columbia.  In denying Plaintiff's motion for reconsideration in *Klayman II*, Judge Singhal recognized Plaintiff's history of duplicative litigation and apparent judge-shopping:

> [T]he Court is unpersuaded that Plaintiff is acting in good faith. Plaintiff has asserted in conclusory fashion that the facts in the present action are distinguishable from his previously-filed six actions against nearly-identical parties alleging nearly identical-claims. Yet Plaintiff has not explained how the facts in the present action are, in fact, distinguishable. Plaintiff's previously-filed actions combined with the fact that, in this present action, Plaintiff previously filed an almost-identical complaint that he voluntarily dismissed for the apparent purpose of judge shopping.

Order, *Klayman II*, Case No. 9:22-cv-80270-AHS (S.D. Fla. Mar. 29, 2022) (Ex. 3).

This Court should not entertain this case when the claims it asserts are already pending before the District of Columbia.  Permitting this action to proceed would undermine the "efficient and comprehensive disposition of cases" and be inconsistent with principles of comity.  *Vanover*, 857 F.3d at 841 (citation omitted); *see also id.* (quoting *Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.")); Order at 2, *Klayman III*, No. 22-cv-80642 (S.D. Fla. Aug. 8, 2022) (explaining that the claim splitting doctrine "ensures that a plaintiff may not split up his demand and prosecute it piecemeal…").  Indeed, dismissal is "particularly appropriate" where, as here, an action seeks declaratory relief that duplicates issues in a pending litigation, in view of principles of convenience, expediency, and efficiency.  *Nat'l Health Fed. v. Weinberger*, 518 F.2d 711, 712–13 (7th Cir. 1975); *see also Manuel*, 430 F.3d at 1137–138.

Plaintiff's tactics undermine the respect litigants owe to the courts and to the judicial process, and imposes a significant and unnecessary burden on the Court and Defendants.  Failure

to dismiss this case could encourage Plaintiff to continue his practice of "judge shop[ing]."  Order at 2, *Klayman II*, No. 22-cv-80270 (S.D. Fla. Mar. 29, 2022) (Ex. 3).   Accordingly, the Court should dismiss this action under the claim splitting doctrine.

## II.      Plaintiff's claims should be dismissed for *forum non conveniens.*

Plaintiff's blatant attempt at forum shopping makes this precisely the kind of suit for which the doctrine of *forum non conveniens* was developed.  The doctrine of *forum non conveniens* addresses "whether the actions brought are vexatious or oppressive or whether the interests of justice require that the trial be had in a more appropriate forum." *Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985).   Dismissal is warranted under the doctrine of *forum non conveniens* when (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n. 22 (1981) ("Ordinarily, [the requirement of an alternative forum] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction.").

Further, "the more it appears that the plaintiff's choice of . . .forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a forum non conveniens motion by showing that convenience would be better served by litigating in another . . . court[ ]." *Certain Underwriting Members of Lloyd's v. Prime Holdings Ins. Servs*., Inc., 306 So. 3d 1086, 1093 (Fla. Dist. Ct. App. 2020) (quoting *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001)).

Dismissal on *forum non conveniens* grounds is proper where, as here, "the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum." *Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (citation and quotations omitted).   Plaintiff's case has little to do with the State of Florida.   It concerns disciplinary proceedings pending in the District of Columbia regarding Plaintiff's practice of law in the District

12

of Columbia. The Defendants, all officials of the ODC and D.C. Bar Board on Professional Responsibility in the District of Columbia, lack ties to Florida. The District of Columba – the forum to which this Court transferred Plaintiff's last suit against Defendants – is the appropriate forum for this case as well.

Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b)(2), since Plaintiff's claims concern Defendants' actions as officials of District of Columbia entities, ODC and D.C. Bar Board on Professional Responsibility. The local interests, need for familiarity with applicable local law, and avoidance of conflict of law problems all favor transfer to the District of Columbia. And there is no credible reason to believe that the relief requested by Plaintiff would be unavailable in the District of Columbia. Accordingly, the complaint should be dismissed based upon the doctrine of *forum non conveniens.*

### III.   The Complaint should be dismissed on *res judicata* grounds.

Further, multiple issues raised by this case are barred by the doctrine of issue preclusion. Issue preclusion, also known as collateral estoppel, applies and bars successive litigation of an issue when "the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." *Jones v. Broward Count State Attorney's Off.*, No. 08-61404-CIV, 2009 WL 1456323, at *1 (S.D. Fla. May 22, 2009) (quoting *Cotton States Mutual Ins. Co. v. Anderson*, 749 F.2d 663, 666 (11th Cir. 1984)). This doctrine "serves to 'protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Issue preclusion applies even where an earlier case was dismissed without prejudice. *See Irvin v. United States*, 335 F. App'x 821, 825 (11th Cir. 2009).

"Plaintiff has had so many bites at the apple that the case is now down to its core." Order at 2, *Klayman II*, No. 22-cv-80270 (S.D. Fla. Mar. 29, 2022) (Ex. 3). Plaintiff's allegations in this

13

action, like the prior two dismissed actions, all relate to the D.C. Bar disciplinary proceedings against him, and an alleged ongoing effort by the defendant ODC Counsel and Board on Professional Responsibility personnel to conspire against Plaintiff because of his political views. *Compare* Compl. ¶ 63 ("Defendants possessed an ulterior motive insofar as they are driven by an ideological political personal animus and vendetta [] to have Plaintiff Klayman removed…to silence his conservative/libertarian private and public interest advocacy"), *with Klayman IV*, 2019 WL 2396538, at *1 (dismissing claims in which Plaintiff alleged ODC defendants "are conspiring to disbar him or to force him to resign from the D.C. Bar…because they disagree with his 'political beliefs [and] public interest activism'"); *Klayman V*, 2019 WL 2396539, at *2 (dismissing "the same causes of action against the same defendants" in which Plaintiff alleged defendants sought "to prevent Mr. Klayman from being able to practice law because they do not agree with his political and other beliefs"). The U.S. District Court for the District of Columbia ruled that the Defendants are immune from these claims and that Plaintiffs' requests for injunctive relief are barred by *Younger* abstention. *See Klayman IV*, 2019 WL 2396538, at * 6, *Klayman V*, 2019 WL 2396539, at *1. Thus, the parties have already contested the immunity and *Younger* issues, and a court of competent jurisdiction considered and ruled on them. There can be no "basic unfairness" to Plaintiff here, as there is no reason to doubt he was "fully incentivized to litigate" this issue in the earlier proceedings. *UMC Devv., LLC v. Dist. of Columbia*, 401 F. Supp. 3d 140, 155 n.1 (D.D.C. 2019).

For these reasons, Plaintiff should be precluded from disputing that Defendants have judicial immunity from his claims for damages, or that his claims for unspecified injunctive relief are precluded by *Younger* abstention, as explained below. Because his claims in the present action fail for the same reasons, the complaint should be dismissed based upon the doctrine of *res judicata.*

IV.    **Plaintiff's claims are precluded by Defendants' absolute immunity.**

As members of the ODC and D.C. Bar Board on Professional Responsibility, each Defendant is entitled to absolute immunity from Plaintiff's claims.  D.C. Bar Rule XI, § 19(a). Bar officials are absolutely immune from suit in federal court under the Eleventh Amendment – even when an individual is purportedly named as a defendant.  *See Nichols v. Alabama State Ba*r, 815 F.3d 726 (11th Cir. 2016); *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1153 (11th Cir. 1993) (Florida Bar immune from suit under the Eleventh Amendment); *Searcy v. Singletary*, 894 F. Supp. 1565, 1569 (M.D. Fla. 1995) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.  By contrast, officers sued in their personal capacity come to court as individuals.") (citations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 167 (1985).  This immunity applies to both legal and equitable claims.  *See Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016).  Because Plaintiff challenges actions taken by Defendants as Chair of the ODC and officials of the Board on Professional Responsibility, and allege no facts that would support a reasonable inference that any of the Defendants acted other than in their official duties, Defendants are absolutely immune from Plaintiff's claims.

Indeed, Plaintiff's claims for damages against ODC personnel in *Klayman IV* and *Klayman V* were dismissed by the U.S. District Court for the District of Columbia and affirmed by the D.C. Circuit on grounds of absolute immunity.  *Klayman VI*, 2020 WL 6038713, at *1; *Klayman IV*, 2019 WL 2396538, at *11–12[3]; *Klayman V*, 2019 WL 2396539, at *4–5.  Similarly, the D.C. Superior Court dismissed Plaintiff's claims against Ms. Porter and ODC in *Klayman VI* based on D.C. Bar R. XI, § 19(a).  *Klayman VII,* slip op. at 8–10 (explaining that "there is both an explicit rule which shields liability for parties in exactly the same position as [the defendants], as well as

---

[3] Judge Moss dismissed Plaintiff's claims for injunctive relief based on *Younger* abstention, *Klayman IV*, 2019 WL 2396538, at *10, *Klayman V*, 2019 WL 2396539, at *3, and the D.C. Circuit affirmed, *Klayman VI*, 2020 WL 6038713, at *2.  Plaintiff's request for injunctive relief in this action likewise should be dismissed under *Younger* as explained in section IV, *infra*.

long followed legal precedent which instructs the Court to dismiss the instant action") (quoting D.C. Bar R. XI, § 19(a) and citing *In re Spikes*, 881 A.2d 1118, 1123-24 (D.C. 2005), and *In re Nace*, 490 A.2d 1120, 1124 (D.C. 1985)).

Plaintiff's latest lawsuit against members of ODC Counsel and the Chair of the Board on Professional Responsibility should be dismissed for the same reasons. Plaintiff alleges no facts that would support a reasonable inference that any of the Defendants acted other than in their official duties. The complaint alleges no facts supporting Plaintiff's assertion that Mr. Fox, Ms. Porter, or Mr. Kaiser acted outside the scope of their duties.

As the courts concluded in *Klayman IV*, *Klayman V*, and *Klayman VI*, Defendants here are absolutely immune from Plaintiff's claims under both D.C. Bar Rule XI, § 19(a) and judicial immunity principles.

## V. Plaintiff's claim for injunctive relief should be dismissed based on *Younger* abstention.

The complaint includes an unspecified request for injunctive relief. Compl. § V, Prayer for Relief (a). To the extent Plaintiff seeks to enjoin any of Defendants' actions with regard to Plaintiff's disciplinary proceedings, including any in connection with his pending challenge to the D.C. Court of Appeals' order of suspension, the request should be dismissed based on the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971)[4], for the same reasons recognized by the D.C. Circuit in Plaintiff's previous collateral challenges to his disciplinary proceedings.

---

[4] In *Younger v. Harris*, 401 U.S. 37, 54 (1971), the Supreme Court held that the abstention doctrine precludes enforcement of a state criminal statute by a federal court when state-court enforcement proceedings are pending in state court. The Supreme Court extended the doctrine to state civil enforcement proceedings that (1) constitute ongoing judicial proceedings, (2) implicate important state interests, and (3) afford an adequate opportunity to raise federal claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Courts have repeatedly concluded that ongoing disciplinary proceedings under the jurisdiction of the D.C. Court of Appeals are exactly the type of state proceeding to which *Younger* abstention applies.

In affirming the dismissal of Plaintiff's claims for injunctive relief in *Klayman IV* and *Klayman V* based on *Younger* abstention, the D.C. Circuit recognized that federal intervention in state proceedings, including D.C. proceedings, is appropriate only "'so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance' on the part of the state 'that would make abstention inappropriate.'" *Klayman VI*, 2020 WL 6038713, at *2 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). The court found that Plaintiff failed to allege any facts amounting to "extraordinary circumstances" that would justify federal intervention. *Id.*; *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (explaining bad faith requires "that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction").

The same is true here. The complaint presents only conclusory assertions of political motivation, unsupported by facts, which are essentially the same as the assertions the U.S. District Court for the District of Columbia and the D.C. Circuit rejected as insufficient in Plaintiff's other collateral challenges to his disciplinary proceedings. *Compare* Compl. ¶ 9 (alleging Defendants "have engaged in the equivalent of a partisan politically and ideologically based agenda and in effect a crusade to have Mr. Klayman removed from the practice of law") *with Klayman IV*, 2019 WL 2396538, at *4 (quoting Plaintiff's amended complaint in that action), *Klayman V*, 2019 WL 2396539, at *3 (quoting Plaintiff's opposition to the motion to dismiss in that action), and *Klayman VI*, 2020 WL 6038713, at *2 (observing that Plaintiff failed to offer "'substantial,' nonconclusory allegations") (quoting *Younger*, 401 U.S. at 48). Like in *Klayman IV and Klayman V*, the Complaint does not allege facts that would amount to the "extraordinary circumstances" that would justify federal intervention. Furthermore, Plaintiff's claim for injunctive relief is inapplicable to Mr. Kaiser, who is no longer a D.C. Bar official. *See Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries…When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury."); *Abdullah v.*

*Alabama Sent'g Comm'n.*, 386 F. App'x 947, 950 (11th Cir. 2010) (holding plaintiff did not have standing when "he did not meet his burden of establishing that [defendants] possessed the authority to take any action that would redress his alleged injury"); *Harrison v. Off. of State Cts. Adm'r*, No. 6:06CV1878 ORL19UAM, 2007 WL 1576351, at *6 (M.D. Fla. May 30, 2007) (same).

Accordingly, insofar as Plaintiff seeks injunctive relief concerning Defendants' actions with regard to Plaintiff's disciplinary proceedings before the D.C. Court of Appeals, the claim should be dismissed based on *Younger* abstention.

**VI.     The Complaint fails to state a claim for relief.**

Even assuming that this case does not warrant dismissal based on *Younger* abstention and absolute immunity, Plaintiff fails to state a cognizable cause of action against any Defendant.

**A.     The Complaint Fails to State a Claim Under the Florida Constitution Article I, Section 4**

Plaintiff's free speech claim fails as a matter of law.  Article I, Section 4 of the Florida Constitution provides that "[e]very person may speak, write and publish sentiments on all subjects but shall be responsible for the abuse of that right," and that "[n]o law shall be passed to restrain or abridge the liberty of speech or of the press."  FLA. CONST. art. I, § 4.[5]  As a threshold matter, the practice of law is not an activity that has traditionally triggered free speech protection.  *See Kirkpatrick v. Shaw*, 70 F.3d 100, 104 (11th Cir. 1995) (Florida Bar Rules requiring applicant to pass character investigation do not violate right to protected speech); *The Fla. Bar v. Wasserman*, 675 So. 2d 103, 105 (Fla. 1996) ("It is clear that the right to free speech under the federal and Florida Constitutions does not preclude the disciplining of a lawyer for speech directed at the judiciary."); *see also Nat'l Ass'n for Advancement of Multijurisdiction Prac., (NAAMJP) v. Howell*,

---

[5] The right to free speech established in Article I, Section IV of the Florida Constitution is identical to the right to free speech in the First Amendment to the U.S. Constitution.  *Attwood v. Clemons*, 526 F. Supp. 3d 1152, 1174 (N.D. Fla. 2021); *see also Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459 (1978) (an attorney's "procurement of remunerative employment is a subject only marginally affected by First Amendment concerns.  It falls within the State's proper sphere of economic and professional regulation.").

851 F.3d 12, 19 (D.C. Cir. 2017) (affirming dismissal of First Amendment challenge to D.D.C. Local Rule regarding bar admission).  Further, it is a "well-established principle that '[a] lawyer's right to free speech is tempered by his or her obligation to both the courts and the bar.'" *Petersen v. Fla. Bar*, 720 F. Supp. 2d 1351, 1366 (M.D. Fla. 2010) (quotation omitted).

In a recent case involving claims brought by Klayman against judges on the D.C. Circuit, Judge Cooper found that it was "'patently obvious' that Klayman [had] not stated a claim under either the Due Process Clause or the First Amendment," noting that Klayman's theory that "decisions against him were designed to bankrupt him and thereby shield the defendants from his criticism, in violation of the First Amendment," were supported by "astonishingly few factual allegations." *Klayman v. Rao*, No. 21-CV-02473 (CRC), 2021 WL 4948025, at *7 (D.D.C. Oct. 25, 2021).  Here, too, Plaintiff provides no factual support for his apparent contention that the Defendants violated his right to free speech or any other First Amendment right.  Despite his conclusory recitations regarding the alleged attempt to "silence" him, Plaintiff simply fails to identify "a substantial nexus to protected speech." *Petersen*, 720 F. Supp. 2d at 1366 .  *See*, *e.g.*, Compl. ¶ 46.

For these reasons, his Article I, Section IV Florida Constitutional claim should be dismissed for failure to state a claim.

### B.      Plaintiff Fails to State a Claim for Abuse of Process

While it is unclear from Plaintiff's complaint whether his claim for abuse of process is under a substantive due process or procedural due process theory, either fails as a matter of law.

To the extent Plaintiff advances a procedural due process claim, it fails on the grounds cited by the multiple courts have already rejected Klayman's similar due process arguments.  *See In re Klayman*, 991 F.3d 1289 (D.C. Cir. 2021) (temporarily suspending Klayman from practice in the D.C. Circuit and finding his arguments that the D.C. Bar's disciplinary process deprived him of due process were "without merit"); *Klayman v. Rao*, No. 21-CV-02473 (CRC), 2021 WL 4948025, at *7 (D.D.C. Oct. 25, 2021) (finding it "'patently obvious' that Klayman has not stated

a claim under…the Due Process Clause" in bringing claims against judges on the D.C. Circuit and D.D.C.); *Klayman VI*, 830 F. App'x 660, 662 (D.C. Cir. 2020), *reh'g en banc denied,* Nov. 23, 2020 (citation omitted) ("Whether or not they had good reason to pursue charges, Disciplinary Counsel's inquiry into Klayman's affairs and decision to seek disciplinary action 'was plainly within the general matters … committed to [their] discretion' under D.C. law, entitling ODC employees to absolute immunity from the damages claims."); *Klayman IV*, C.A. No. 18-1579 (RDM), 2019 WL 2396538, *11 n.3 (D.D.C. June 5, 2019), *aff'd* 2020 WL 6038713 at *1; *Klayman VII*, No. 2020 CA 000756 B, slip op. (D.C. Super. Ct. Oct. 1, 2020) (dismissing abuse of process claim against ODC and D.C. Bar officials).

Here, Plaintiff argues in conclusory fashion that the D.C. Bar's disciplinary proceedings violated his due process rights because he was "'automatically'…given a 'temporary suspension'" before a "final adjudication" was entered. Compl. ¶¶ 24, 55–56.  Plaintiff does not articulate what additional processes he believes were due, or how the D.C. Bar proceedings fell short of this standard.  Indeed, Plaintiff's own allegations establish that he was given a full hearing where he presented evidence from seven witnesses, satisfying the requirements of procedural due process. Compl. ¶¶ 15, 39, 42, 46; *see also*, *e.g.*, *Verner v. State of Colo.*, 533 F. Supp. 1109, 1117 (D. Colo. 1982), *aff'd*, 716 F.2d 1352 (10th Cir. 1983) (state bar disciplinary rule satisfied procedural due process as it "provide[d] for notice and a full hearing" and the accused had "the right to counsel, to call witnesses, to make objections and to have a complete record made of the proceedings") (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)).

Similarly, if Plaintiff means to assert a substantive due process theory, this theory fails also as a matter of law.  Where rights or entitlements are created by state law, they "are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'"  *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citation omitted).  An action regarding an attorney's law license falls into this category because an attorney does not have a fundamental right to practice law. *See Kirkpatrick v. Shaw*,

70 F.3d 100, 103 (11th Cir. 1995). It is beyond dispute that "[p]racticing law… is a privilege, not a right." *The Fla. Bar re Jahn*, 559 So. 2d 1089, 1090 (Fla. 1990); *see also Fellner v. Bar Ass'n of Baltimore City*, 213 Md. 243, 247, 131 A.2d 729, 732 (1957) ("There is no constitutional right to practice law[.]"); *Simmang v. Texas Bd. of Law Examiners*, 346 F. Supp. 2d at 874, 882 (W.D. Tex. 2004) ("The Court's research indicates that every court that has addressed the issue has concluded that the practice of law is not a fundamental right"). Indeed, it is black letter law that states have a compelling interest in regulating the practice of law, easily satisfying the rational basis review such an action is subject to. *See*, *e.g.*, *Kirkpatrick*, 70 F.3d at 103. Any substantive due process claim based on the attorney disciplinary proceeding therefore lacks merit on its face and should be dismissed.

Plaintiff's purported abuse of process cause of action therefore fails to state a claim for relief, and should be dismissed on that basis.

C.     **Plaintiff Fails to State a Claim for Civil Conspiracy**

To state a claim for civil conspiracy under Florida law, a plaintiff must allege "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997); *Renpak, Inc. v. Oppenheimer*, 104 So. 2d 642, 646 (Fla. Dist. Ct. App. 1958) (finding allegations "insufficient to state a charge of conspiracy for which injunctive relief could be granted"); *Schlosser v. Coleman*, 818 F. Supp. 1534, 1537 (M.D. Fla. 1993). In addition, a civil conspiracy requires an actionable underlying tort or wrong. *Weisman v. S. Wine & Spirits of Am., Inc.*, 297 So. 3d 646, 652 (Fla. 4th DCA 2020), *review denied*, No. SC20-1116, 2020 WL 6391277 (Fla. Nov. 2, 2020); *Wright v. Yurko*, 446 So. 2d 1162, 1165 (Fla. 5th DCA 1984) (dismissing conspiracy claim premised on underlying claim that was barred); *SFM Holdings, Ltd. v. Banc of Am. Secs.*, LLC, 764 F.3d 1327, 1339 (11th Cir. 2014) (applying Florida law and stating that civil

21

conspiracy is not a freestanding tort).  Plaintiff fails to allege that any of the Defendants entered into a conspiracy.

A conspiracy requires an agreement between the defendant and her alleged conspirators; mere association is not enough.  *See Russo v. Fink*, 87 So. 3d 815, 819 (Fla. 4th DCA 2012); *see also Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1319 (S.D. Fla. 2014) (dismissing conspiracy claim where plaintiff "merely [alleged] that they engaged in the same 'scheme'"); *In re Managed Care Litig.*, 430 F. Supp. 2d 1336, 1345 (S.D. Fla. 2006), *aff'd sub nom. Shane v. Humana, Inc.*, 228 F. App'x 927 (11th Cir. 2007) ("[P]roof of the agreement is at the heart of a conspiracy claim.").  Plaintiff, however, offers nothing more than conclusory allegations that Defendants "acted in concert…to use the D.C. bar disciplinary apparatus…to bankrupt him" and "harm Mr. Klayman, his family, and his colleagues in Florida."  Compl. ¶¶ 119–20, 126–27,133–34, 140–41.  Such "bare assertions" that a defendant "knew of, condoned, and willfully and maliciously agreed" to commit a tort are insufficient to state a conspiracy claim.  *Iqbal*, 556 U.S. at 680; *Parisi*, 314 So. 3d at 662 (finding allegations insufficient to support conspiracy claim when "pleading vaguely tie[d] the events together by alleging, in conclusory fashion, that the circumstances unfolded '[p]ursuant to an agreement'"); s*ee also Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").

Plaintiff alleges that Defendants worked "in concert" as part of a purported conspiracy against him. *E.g.*, Compl. ¶¶ 11, 15, 66.  Plaintiff does not allege any facts supporting this position other than his unsubstantiated assertion that the various disciplinary proceedings are "meritless" and intended to "silence his conservative/libertarian private and public interest advocacy."  *E.g.*, Compl. ¶¶ 10–11, 36–37, 66.  All allegations that Defendants engaged in a "crusade to have Mr.

Klayman removed from the practice of law" are amount to conclusory recitals within the claims of the Complaint and are not connected to any specific factual allegations. *Id.* ¶ *9.*  Moreover, "a claim for civil conspiracy must contain clear, positive and specific allegations; general allegations of conspiracy are not sufficient." *Parisi v. Kingston*, 314 So. 3d 656, 661 (Fla. 3d DCA 2021) (explaining that "vague and conclusory allegations regarding a conspiracy involving [foreign] defendants" are insufficient to support personal jurisdiction).  Plaintiff's wholly conclusory conspiracy allegations do not show that Defendants *agreed* with any co-defendants to do anything anywhere, let alone in Florida specifically.

Therefore, even setting aside Defendants' absolute immunity from liability for actions taken in the conduct of their official D.C. Bar duties, Plaintiff has failed to adequately allege facts setting forth claims for civil conspiracy. Accordingly, Plaintiff's conspiracy claim should be dismissed for failure to state a claim.

**VII.    Alternatively, this Court should stay the instant suit.**

At a minimum, the Court should stay this action pending resolution of *Klayman II*.  In the interest of "'wise judicial administration,'" the "'conservation of judicial resources,'" and the "'comprehensive disposition of litigation,'" courts have broad discretion to dismiss or stay litigation that is "'duplicative'" of a matter pending in another district. *Leviton Mfg. Co. v. Interline Brands, Inc.*, No. 3:05-cv-123-J-33MCR, 2006 WL 2523137, at *1–2 (M.D. Fla. Aug. 30, 2006) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986)); *see also Gov't of Virgin Islands v. Neadle*, 861 F. Supp. 1054, 1055 (M.D. Fla. 1994) (a district court has inherent discretion to stay an action duplicating one pending in another federal court).

As described Section I, *supra*, this case involves the same parties and parties in privy and same allegations as *Klayman II*.  Where this degree of overlap exists, at a minimum a stay should be granted to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."

*Borinquen Health Care Ctr., Inc. v. ICare RX LLC*, No. 21-20872-CIV, 2021 WL 1564462, at *2 (S.D. Fla. Apr. 21, 2021) (quotation omitted) (holding dismissal was "the most efficient court of action").

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's action entirely, or, alternatively, stay this action pending resolution of *Klayman II*.

Dated: August 23, 2022                    Respectfully submitted,


*s/ Brian Rafkin*
Brian Rafkin
Florida Bar No. 59422
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street NW
Washington, DC 2006
T: 202.887.4158
F: 202.887.4288
brafkin@akingump.com

*Attorney for Defendants Julia Porter, Hamilton Fox, III, Myles Lynk, and Matthew Kaiser*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 23, 2022, a true and correct copy of the foregoing

was served via U.S. Mail, postage prepaid to *pro se* Plaintiff Larry Klayman:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433
leklayman@gmail.com

*s/ Brian Rafkin*
Brian Rafkin