UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-81295-CIV-SINGHAL

LARRY KLAYMAN,

    Plaintiff,

v.

JULIA PORTER, HAMILTON FOX, III, MYLES LYNK, and MATTHEW KAISER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Designate Case Related and Transfer to the Honorable Raag Singhal (DE [3]),[1] Defendants' Motion to Dismiss (DE [4]), and Defendants' Motion to Stay Rule 26(f) Conference and Discovery (DE [9]). The record reflects that the time to respond to these motions has long passed and, to date, no response has been filed nor has an extension of time to respond been requested. Accordingly, the matters are ripe for review.

This is Plaintiff's fifth appearance in this Court and his ninth complaint against these Defendants. The first case, *Klayman v. Porter, et al.,* Case No. 22-80003-CIV-Marra (S.D. Fla.) ("*Klayman I*") was filed in state court and removed by Defendants. Plaintiff voluntarily dismissed *Klayman I* without prejudice three days after it was removed.

Plaintiff again filed suit in state court and Defendants again removed to this Court. *See Klayman v. Porter, et al.,* Case No. 22-80270-CIV-Singhal (S.D. Fla.) ("*Klayman II*"). Plaintiff sought to remand *Klayman II* on the ground that his demand for $74,999.99 did

---

[1] This motion was granted by the Order of Transfer (DE [5]), entered August 29, 2022, but remains pending on the docket.

1

not meet the statutory threshold amount for federal jurisdiction, but the Court rejected that argument and denied the Motion to Remand. (*Klayman II,* DE [16]).  The Court then granted Defendants' Motion to Transfer and transferred *Klayman II* to the United States District Court for the District of Columbia, (*Klayman II,* DE [15]) where Plaintiff is prosecuting three separate actions against these Defendants.  (*Klayman II,* DE [1], Ex. 1).

In the third case, Plaintiff thrice filed suit in state court and Defendants thrice removed to this Court.  *See Klayman v. Porter, et al.,* Case No. 22-80642-CIV-Singhal (S.D. Fla.) ("*Klayman III*").  There, Plaintiff argued the Court lacked jurisdiction over *Klayman III* because the Complaint seeks only injunctive relief and, therefore, the amount in controversy is either zero or completely speculative.  For the reasons discussed in the Order denying Plaintiff's motion to remand in *Klayman II,* the Court found that a common sense reading of the Complaint established that the amount in controversy satisfied the statutory threshold.  *S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1316 (11th Cir. 2014) ("[Plaintiff's] speculation argument is itself too speculative.").  The Court found the case was properly removed and it had jurisdiction.  *Klayman III* was subsequently dismissed by this Court on August 8, 2022, as barred by the claim splitting doctrine.

This Court concludes this case is also barred by the claim splitting doctrine and, therefore, will not address the other grounds for dismissal.[2]  "The claim splitting doctrine applies where a second suit has been filed before the first suit has reached a final judgment." *Vanover v. NCO Financial Services, Inc.,* 857 F.3d 833, 840 (11th Cir. 2017).

---

[2] In the instant motion to dismiss (DE [4]), Defendants argue the present case is a duplicate of the lawsuit this Court dismissed and the rule against claim-splitting prevents Plaintiff from maintaining this action at the same time as his case against Defendants that is pending in the District of Columbia.

It "ensures that a plaintiff may not split up his demand and prosecute it piecemeal, or present only a portion of the grounds upon which relief is sought and leave the rest to be presented in a second suit, if the first fails." *Id.* at 841 (cleaned up). The two-factor test recognized by the Eleventh Circuit requires the court to analyze "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841–42.

The present case involves both the same parties and arises from the same transaction or series of transactions as the previously filed case. Although the Complaint only seeks injunctive relief, it involves the same alleged wrongdoing as the previous case. For the same reasons discussed in this Court's Order (DE [20]) granting Defendant's motion to dismiss in *Klayman III*, the Court also grants dismissal in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE [4]) is **GRANTED**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions. Furthermore, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of September 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF
And by U.S. Mail to: Plaintiff Larry Klayman